AUGUST KROLL ET AL., PLAINTIFFS, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT.

Submitted January 25, 1935—Decided June 7, 1935.

Before Justices LLOYD, CASE and DONGES.

For the rule, *William F. Hanlon, John Milton* and *De Voe Tomlinson.*

*Contra, David A. Veeder* and *Percy Camp.*

The opinion of the court was delivered by

DONGES, J.  This is a rule to show cause why the venue should not be changed from Ocean county in twenty-two cases against the defendant, Central Railroad Company of New Jersey, by various plaintiffs.  The actions arise out of damage to real property of the plaintiffs caused by a forest fire alleged to have resulted from the negligence of the defendant.  The actions are, therefore, local.

Two questions are sought to be presented.  First, may the court change the venue in a local action?  Second, has the defendant made out a case calling for such a change, the allegation being a general feeling throughout the county that the defendant caused the fire, and even if it did not it should be required to pay because it is a wealthy corporation and the plaintiffs are individuals of more modest means.

Section 201 of the Practice act of 1903 provides that local actions shall be tried in the county where the lands in ques-

tion are situate or where the cause of action arose, unless tried at the bar of the Supreme Court by order of that court.

Section 202 is the familiar section providing for the venue in transitory actions, and section 203 says:

"In actions pending in the Supreme Court, a justice in vacation on application of any party on notice and for good cause may grant a rule to show cause at the next term why the venue should not be changed to some other county than that in which it is laid in the declaration, and for the taking of depositions to be used on the argument of such rule, which rule shall be granted with or without a stay of proceedings, as such justice may direct."

In *Defiance Fruit Co. v. Fox,* 76 *N. J. L.* 482, the plaintiff claimed that by the damming of a stream the defendant had caused damage to lands of plaintiff in Cumberland county as well as to lands in Salem county. It brought an action in Cumberland county for the damage to its lands there, and another in Salem county for the damage to its lands in that county. Mr. Justice Trenchard made an order consolidating the causes by discontinuing the Salem action and amending the Cumberland suit to claim all the damage. This was over the objection of the plaintiff, and after final judgment for the defendant, this judicial action was assigned as error.  .

The Court of Errors and Appeals sustained the order on the ground that where a single cause of action (the obstruction of the stream) had caused damage to lands in two counties, venue might be laid in either county.

However, the plain inference from the reasoning of Chancellor Pitney is that the change of venue section does not apply to local actions. He said, after discussing the state of the law prior to the passage of the Practice act:

"Our legislature, so far from changing this rule of the common law respecting local actions, has perpetuated it by distinct enactment. The right of the plaintiff to have an action of this character tried in the county where the lands are situate or the cause of action arose is a substantial right of which he may not lawfully be deprived by the court.

"Assuming, therefore, that the plaintiff herein had two

separate causes of action, arising in different counties and affecting lands situate in different counties, as was averred in its several declarations, the Supreme Court erred in making an order for consolidating the actions, the necessary effect of which was to require the plaintiff to go to trial before a jury of the county of Cumberland upon that action which arose in Salem county and affected lands therein situate."

He then goes on to hold that there was but a single cause of action, although lands in different counties were affected, and therefore either county might be chosen as the place of trial.

In the instant cases there is but a single cause of action, which arose in Ocean county, and the lands affected are all in that county. We are therefore of the opinion that, under the above case, there is no power in the court to change the venue in a local action, and that the rule to show cause should be discharged for this reason.

The rule is discharged, with costs.